# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MERT E. PRIVETT JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0806**  (BOR Appeal No. 2048199)
(Claim No. 2011003345)

**SOUTHEASTERN ROOFING COMPANY OF PINEVILLE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mert E. Privett Jr., by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Southeastern Roofing Company of Pineville, Inc., by Bradley Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 29, 2013, in which the Board affirmed a March 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 18, 2011, decision granting Mr. Privett a 5% permanent partial disability award, and granted Mr. Privett a 6% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Privett injured his back, right hip, and right hand in the course of his employment on July 16, 2010. On August 10, 2010, the claim was held compensable for contusion of the right hand, contusion of the right hip, and lumbar sprain/strain. On October 25, 2010, neurologist Robert Crow, M.D., evaluated Mr. Privett. He opined that range of motion was limited proportionally with increasing pain in the lower back, although there was no radiating pain, and also opined that Mr. Privett's motor and sensory function was intact and symmetrical in the bilateral lower extremities. Joseph Grady II, M.D., performed an independent medical evaluation

on March 16, 2011. He opined that the compensable contusions to the right hand and right hip had resolved, and therefore determined that Mr. Privett sustained 0% whole person impairment as a result of those conditions. He stated that the lumbar flexion and extension range of motion measurements did not fulfill the required validity criteria contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and are therefore invalid for impairment determination purposes. Dr. Grady opined that Mr. Privett sustained 5% whole person impairment as a result of asymmetric range of motion loss in lateral flexion of the lumbar spine. On May 18, 2011, the claims administrator granted Mr. Privett a 5% permanent partial disability award based on Dr. Grady's evaluation.

Victor Poletajev, D.C., performed an independent medical evaluation on June 5, 2012. He opined that Mr. Privett sustained 12% whole person impairment as a result of the injuries to his lumbar spine, based upon his finding of decreased reflexes bilaterally in the lower extremities and his finding of decreased sensory dermatomes at L4-5 on the left. He opined that Mr. Privett sustained 6% whole person impairment as a result of loss of range of motion and loss of motor strength in the right hip, and opined that Mr. Privett sustained 7% whole person impairment as a result of range of motion deficits in the right wrist. Dr. Poletajev concluded that Mr. Privett sustained a total of 23% whole person impairment as a result of his July 16, 2010, injuries.

Michael Condaras, D.C., performed an independent medical evaluation on September 27, 2012. He opined that Mr. Privett's right hand contusion had fully resolved, and stated that a permanent impairment rating was not warranted for the right hand. He further opined that the right hip contusion had fully resolved with normal range of motion in the right hip, and stated that a permanent impairment rating was not warranted for the right hip. Dr. Condaras then opined that Mr. Privett sustained 6% whole person impairment as a result of range of motion abnormalities in the lumbar spine.

In its Order reversing the May 18, 2011, claims administrator's decision, the Office of Judges held that Mr. Privett sustained 6% whole person impairment as a result of his compensable injuries. Mr. Privett disputes this finding and asserts, per the opinion of Dr. Poletajev, that he sustained 23% whole person impairment as a result of his compensable injuries.

The Office of Judges found that Dr. Poletajev's opinion is unreliable in light of the totality of the evidence of record. The Office of Judges found that Dr. Poletajev incorrectly provided an impairment rating for Mr. Privett's right wrist, as the right wrist is not a compensable component of the claim. As noted by the Office of Judges, the only compensable diagnosis relating to the right upper extremity is a right hand contusion. The Office of Judges further found that Dr. Poletajev is the only physician of record to find loss of range of motion and decreased muscle strength in the right hip. The Office of Judges noted that both Dr. Grady and Dr. Condaras found that Mr. Privett sustained no permanent impairment as a result of the right hand and right hip contusions, and found that Dr. Crow's neurological examination revealed no sensory deficits in Mr. Privett's lower extremities. The Office of Judges then determined that Dr. Poletajev's findings regarding the lumbar spine are not supported by the evidentiary record. Finally, the Office of Judges found that unlike Dr. Grady, Dr. Condaras

obtained valid range of motion measurements for all areas of the lumbar spine and therefore concluded that Dr. Condaras's recommendation of 6% whole person impairment provides the most accurate assessment of Mr. Privett's permanent impairment. The Board of Review reached the same reasoned conclusions in its decision of July 29, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II